UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

DOMENICK A. CUOMO,

      Plaintiff,

v.

CENTRAL PORTFOLIO CONTROL INC.,

      Defendant.

_____/

## COMPLAINT
## JURY DEMAND

1.     Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq*. ("TCPA").

## JURISDICTION AND VENUE

1.     Regarding the TCPA claim, this Court has jurisdiction under 28 U.S.C. §§1331. *Mims v. Arrow Fin. Servs. LLC,* 132 S. Ct. 740 (U.S. 2012); 2012 U.S. LEXIS 906 (U.S. 2012). Regarding the FDCPA claim, this Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k.Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

2.     Plaintiff, DOMENICK A. CUOMO, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

3.     Defendant, CENTRAL PORTFOLIO CONTROL INC., is a Minnesota corporation and citizen of the State of Minnesota with its principal place of business at Suite 300, 6640 Shady Oak Road, Eden Prairie, Minnesota 55344.

4.     Defendant is registered with the Florida Department of State Division of Corporations as a foreign corporation. Its registered agent for service of process is CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

5.     Defendant is registered with the Florida Office of Financial Regulation as a consumer collection agency.

6.     Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

7.     Defendant regularly collects or attempts to collect debts for other parties.

8.     Defendant is a "debt collector" as defined in the FDCPA.

9.     Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

10.     Defendant sought to collect from Plaintiff an alleged debt arising from

transactions incurred for personal, family or household purposes.

11.     Defendant left the following messages on Plaintiff's voice mail on his

cellular telephone on or about the dates stated:

January 15, 2014
Uh, this message is for Domenick Uh, Cuomo.  This is Derrick Flemmings
with Central Portfolio Control.  Domenick its Wednesday, January 15.  Very
important that we do discuss this matter of yours that's been forwarded here
to my office.  Uh, my direct number that I can be reached at toll free is 1-
800-670-2557 and I will be available until 9 o'clock your time tonight.
Thank you, Domenick.

January 21, 2014
Message is for Domenick Cuomo.  This is Derrick Flemming with Central
Portfolio Control, Tuesday, January 21.  It's important that we do speak here
Domenick.  My direct telephone number is 1-800-670-2557.

January 24, 2014
Hi, Domenick, Uh, Cuomo, this is John Gill, Central Portfolio Control.  Uh,
give me a call please 1-800-803-2379.  Thank you.

February 7, 2014
Hi, this message is for Domenick Cuomo.  Domenick, this is Rick Stein.
I'm calling with Central Portfolio Control.  Please give me a call back my
phone number's 888-315-2970.  Thank you.

February 25, 2014
Hi, this phone call is for Dominick Cuomo.  My name is Charlene Heatherly
with Central Portfolio Control.  Please return my call, my phone number
here is 1-888-315-2986.  Thank you.

March 5, 2014
Yes, this is a message for Domenick Cuomo.  Uh, this is Lori O'Donald
calling from Central Portfolio Control.  Return my call uh, directly to my
office at 888-826-6045 regarding a personal business matter.  Thank you.

3

<u>May 5, 2014</u>
Hi, this call is for Domenick Cuomo.  Jeff Woods, Central Portfolio Control.
I need to speak with you direct number where you can contact me is 1-800-
819-7128.  Again, 1-800-819-7128.  Call for Domenick Cuomo.

12.     In addition to the foregoing, Defendant placed calls on other

occasions. (Collectively, "the telephone messages").

13.     The messages are "communications" as defined by 15 U.S.C.

§1692a(2). See <u>Berg v. Merchs. Ass'n Collection Div</u>., Case No. 08-60660-Civ-

Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

14.     Defendant failed to inform Plaintiff in the messages that the

communication was from a debt collector and failed to disclose the purpose of

Defendant's messages.

15.     Defendant used an automatic telephone dialing system or a pre-

recorded or artificial voice to place telephone calls to Plaintiff's cellular telephone.

16.     None of Defendant's telephone calls placed to Plaintiff were for

"emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

17.     Defendant willfully or knowingly violated the TCPA.

**COUNT I**
**FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR**

18.     Plaintiff incorporates Paragraphs 1 through 17.

19.    Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys*., 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and Leyse v. Corporate Collection Servs., 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a.    Damages;

b.    Attorney's fees, litigation expenses and costs of suit; and

c.    Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

20.    Plaintiff incorporates Paragraphs 1 through 17.

21.    Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose that it is a debt collector, and the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C §1692d(6). See *Valencia v The Affiliated Group, Inc*., Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); *Wright v. Credit Bureau of Georgia, Inc.,* 548 F. Supp. 591, 593 (D. Ga. 1982); and *Hosseinzadeh v. M.R.S. Assocs.,* 387 F. Supp. 2d 1104 (D. Cal. 2005).

5

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT III
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

22.    Plaintiff incorporates Paragraphs 1 through 17.

23.    Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    a declaration that Defendant's calls violate the TCPA;

    c.    a permanent injunction prohibiting Defendant from placing non-emergency calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice; and

    d.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Ft. Lauderdale, FL 33339
Telephone: 954-537-2000
Facsimile: 954-566-2235
don@donyarbrough.com


By: s/ Donald A. Yarbrough
Donald A. Yarbrough, Esq.
Florida Bar No. 0158658